IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA

| | |
|---|---|
| JACOB MOTES, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No.: cv-20-396 |
| ) | |
| REGIONS BANK ) | JURY TRIAL REQUESTED |
| ) | |
| Defendant. ) | |

COMPLAINT

COMES NOW the Plaintiff, by and through his attorney, and avers against the Defendant the following:

INTRODUCTION

1. This is a suit seeking damages, costs, and attorneys fees for Defendant's unlawful conversion of the Plaintiff's money and violations of the Electronic Fund Transfers Act (15 U.S.C. §1693 et seq.).

PARTIES

2. Plaintiff is a resident citizen of Mobile County, Alabama and has been so for over two years.

3. Plaintiff is a "consumer" as defined by the Electronic Funds Transfers Act.

4. Defendant is an Alabama corporation whose principal address is 1900 Fifth Ave North, Birmingham, AL 35203.

5. Defendant is a "financial institution" as defined by Reg. E §1005.2(i), as it issues access devices to consumers like the Plaintiff for the purpose of providing electronic funds transfer services.

## JURISDICTION AND VENUE

6. 15 U.S.C. §1693m(g) provides this Court with subject matter jurisdiction over this case.

7. Venue is proper as substantially all of the events or omissions giving rise to the Plaintiff's claims occurred within this district.

## FACTUAL ALLEGATIONS

8. Defendant is the issuer of the Regions debit card.

9. Defendant issued a debit card – an "access device" as defined by Regulation E – to Plaintiff for the use of funds in Plaintiff's Regions bank account.

10. Plaintiff has used his Regions debit card for years without incident.

11. On or about June 2, 2020, a thief stole the Plaintiff's Regions debit card.

12. Between June 2, 2020 and June 10, 2020, the thief used the Plaintiff's Regions debit card at various locations in the Mobile area, completing 46 transactions for a total of $6,018.36.

13. Each of these transactions was unauthorized.

14. The Plaintiff did not discover the unauthorized transfers until June 11, 2020.

15. On June 11, 2020, the Plaintiff notified the Defendant of the unauthorized charges by telephone and in person by visiting the Defendant's Citronelle branch.

16. On June 18, 2020, the Plaintiff's wife filed a police report on the Plaintiff's behalf with the Mobile County Sheriff's Office.

17. On June 18, 2020, the Plaintiff gave the Defendant a copy of the police report, both in person at the Defendant's Citronelle branch and by email.

18. A redacted copy of the police report is attached as Exhibit A.

19. The Plaintiff never authorized anyone to make these unauthorized charges.

20. Each of the unauthorized charges was an "error" within the meaning of 12 CFR §1005.11(a)(1)(i) and 15 U.S.C. §1693f(f).

21. The Plaintiff's disputes by telephone and in person were "notices of error" as the term is defined by Reg. E. § 1005.11(b).

22. The Defendant's calculation of his account balance after the unauthorized transfers was incorrect, and was also an "error" within the meaning of 12 CFR §1005.11(a)(1)(i).

23. On June 19, 2020, the Defendant mailed the Plaintiff a letter stating that they had made a final determination regarding his disputes, and that they were not going to refund his money.  A copy of this letter is attached as Exhibit B.

24. Defendant failed to correct the errors within 10 days.

25. Defendant still has not corrected the errors.

26. Defendant failed to provisionally credit Plaintiff's account while it investigated his assertions of errors.

27. The Defendant did not conduct a bona fide dispute into the Plaintiff's claims.

28. Had the Defendant conducted an actual investigation into the Plaintiff's disputes, it would have concluded that the Plaintiff had not authorized the 46 charges made by the thief.

29. The truth is that the Defendant did not conduct an actual investigation into the Plaintiff's disputes.

30. The Defendant had no reasonable basis for concluding that the Plaintiff's account was not in error.

31. The Defendant knowingly and willfully concluded that no error had occurred, despite having ample evidence to show that at least one error had indeed occurred.

32. As a result of the Defendant's conduct, the Plaintiff has suffered significant damages, including but not limited to:

    (a) The $6,018.36 that was taken and not returned;

    (b) Late fees and interest;

    (c) Emotional distress and mental anguish;

    (d) Attorneys' fees.

### FIRST CLAIM FOR RELIEF: ELECTRONIC FUND TRANSFERS ACT

33. Plaintiff realleges and incorporates by reference paragraphs 1 through 32 above.

34. The Electronic Fund Transfers Act ("EFTA") governs debit card transactions such as the ones at issue in this case.

35. The EFTA prescribes a simple and consumer-friendly process for resolving disputes and errors made with respect to debit card accounts. *See 15 U.S.C. § 1693f(f):*

    (a) If the consumer discovers an error in his account, she may dispute the error within 60 days of first receiving documentation of the error; *15 U.S.C. § 1693f(a)*

    (b) the consumer's dispute need only identify the consumer's name and account number, indicate that the consumer believes an error to have occurred, and states the reason he believes an error occurred; *15 U.S.C. § 1693f(a)*

    (c) the dispute may be written or oral, but if the dispute is oral, the financial institution may require written confirmation of the dispute; *15 U.S.C. § 1693f(a)*

    (d) upon receipt of the consumer's dispute, the financial institution must "investigate the alleged error, determine whether an error has occurred, and report or mail the results of such investigation and determination to the consumer within 10 business days; *15 U.S.C. § 1693f(a)*

    (e) the financial institution determines that an error did occur, it must correct the error within one business day; *15 U.S.C. § 1693f(b)*

    (f) if the financial institution cannot complete its investigation within 10 business days, it may request an additional 35 days to complete its investigation; *15 U.S.C. § 1693f(c)*

    (g) however, if the financial institution requests more than 10 days to complete its investigation, it must "provisionally recredit the consumer's account for the amount alleged to be in error;" *15 U.S.C. § 1693f(c)*

    (h) if the financial institution determines that no error occurred, it must deliver the consumer and an explanation of such determination within three days; *15 U.S.C. § 1693f(d)*

36. If the financial institution fails to comply with any provision of the EFTA, it is liable to the consumer for his actual damages, statutory damages of up to $1000, plus court costs and reasonable attorneys fees. *15 U.S.C. § 1693m(a).*

37. Additionally, the financial institution is liable for treble damages if:

(a) the court finds that the financial institution failed to provisionally recredit the consumer's account and either failed to make a good faith investigation or concludes no error occurred without having a reasonable basis for such conclusion; OR

(b) the financial institution knowingly and willfully concluded that the consumer's account was not in error when such conclusion could not reasonably have been drawn from the evidence available to the financial institution at the time of its investigation. *15 U.S.C. § 1693f(e).*

38. In this case, the financial institution, Regions Bank, wrongfully decided that no error had occurred, despite having access to more than enough evidence to realize that multiple errors had occurred.

39. It made this determination through a willful neglect of Mr. Motes' repeated and consistent statements, as well as documentary evidence easily available to them at the time of their "investigation."

40. In other words, Regions Bank not only failed to conduct a bona fide investigation, but also rejected Mr. Motes' disputes despite having no reasonable basis for doing so.

41. Plaintiff notified the Defendant of the errors on June 11, 2020 and during the days following.

42. Each of these communications was a "notice of error" within the meaning of 12 CFR §1005.11(b).

43. Defendant failed to correct the errors within 10 days of being notified of the errors.

44. Defendant still has not corrected the errors.

45. Defendant failed to provisionally credit Plaintiff's account while it investigated his assertions of errors.

46. Defendant still has not provisionally recredited the Plaintiff's account.

47. The Plaintiff is still without approximately $6,018.36 that the Defendant wrongfully took from him.

48. Furthermore, "violations of [15 U.S.C. §1693f] (unlike violations of §1693h) can lead to statutory damages even in the absence of injury." <u>Gale v. Hyde Park Bank</u>, 384 F.3d 451 (7th Cir. 2004).

49. "In no event, however, shall a consumer's liability for an unauthorized transfer exceed the lesser of – (1) $50..." *15 U.S.C. §1693g(a).*[1]

50. Otherwise, "a consumer incurs no liability from an unauthorized electronic fund transfer." *15 U.S.C. §1693g(e).*

51. The Defendant has wrongfully held the Plaintiff liable for $6,018.36 of unauthorized electronic fund transfers – far more than the $50 limit of 15 U.S.C. §1693g(a).

52. "In any action which involves a consumer's liability for an unauthorized electronic fund transfer, the burden of proof is upon the financial institution to show that the electronic fund transfer was authorized..." *15 U.S.C. §1693g(b).*

53. As a result of the Defendant's own errors, its multiple failures to adequately investigate the Plaintiff's disputes, and its failure to follow the requirements of the EFTA, the Plaintiff has suffered damages, including but not limited to:

    (a) Loss of at least $6,018.36, which Defendant wrongfully deducted from Plaintiff's account;

    (b) Consequential damages naturally flowing from the Defendant's failure to provisionally re-credit Plaintiff's account, such as late fees, interest, penalties, and the costs of borrowing from friends and family to make ends meet;

    (c) Consequential damages flowing from the Defendant's failure to correct the errors with respect to Plaintiff's account;

    (d) Embarrassment, stress, headache, anxiety, fear, and frustration;

    (e) Time spent attempting to correct Defendant's errors;

    (f) Attorneys' fees.

54. Pursuant to 15 U.S.C. §1693m(a), the Defendant is liable to the Plaintiff for all actual damages suffered as a result of Defendant's violations of the EFTA, in addition to statutory damages of up to $1,000.

55. As the Defendant failed to provisionally credit Plaintiff's account and failed to undertake a good faith investigation into Plaintiff's disputes, the Defendant is liable to

---

[1] Though the statute itself imposes no such time limit, Regulation E requires that, in order for the consumer's liability to be limited to $50, the consumer must notify the financial institution of the unauthorized transfer "within two business days after learning of the loss or theft of the access device."  In this case, the consumer notified the financial institution of the loss of the access device within 24 hours of learning of the theft.

the Plaintiff for three times his actual damages.  *15 U.S.C. §1693f(e).*

56. As the Defendant knowingly and willingly concluded that the Plaintiff's account was not in error when such conclusion could not reasonably been drawn from the available evidence, the Defendant is liable to the Plaintiff for three times his actual damages.  *15 U.S.C. §1693f(e).*

57. The Defendant is also liable for the costs of this action, plus a reasonable attorneys' fee.  *15 U.S.C. §1693m(a)(3).*

## SECOND CLAIM FOR RELIEF: CONVERSION

58. Plaintiff realleges and incorporates by reference paragraphs 1 through 32 above.

59. The Defendant had no right to take any of the money in Plaintiff's account.

60. Nonetheless, Defendant charged removed $6,018.36 from Plaintiff's account without justification in law or contract for doing so.

61. This also was a wrongful taking of the Plaintiff's property, in direct defiance of Plaintiff's sole and immediate right to possess such property.

62. These acts constituted conversion of the Plaintiff's funds.

63. Plaintiff has suffered significant damages as a direct result of such conversion.

64. The Plaintiff gave Defendant numerous opportunities to correct its errors and return Plaintiff's money, but Defendant persisted in its wrongful conduct knowingly.

65. Defendant's conversion of Plaintiff's money in the face of Plaintiff's numerous pleas to return it, was committed with reckless disregard for the Plaintiff's rights.

66. For the conversion of Plaintiff's money, Defendant is liable for actual damages and punitive damages.

## THIRD CLAIM FOR RELIEF: BREACH OF CONTRACT

67. Plaintiff realleges and incorporates by reference paragraphs 1 through 32 above.

68. The relationship between Plaintiff and Defendant was governed by a written contract.

69. Pursuant to the agreement, the Defendant had a duty to hold Plaintiff's money in the

account and make it available for use at ATM and point-of-sale transactions. Defendant failed to perform these duties, causing the Plaintiff significant loss of time and money.

70. The agreement also requires Defendant to resolve disputes submitted by its customers, such as the Plaintiff within 45 days.

71. Defendant failed to do so, causing the Plaintiff significant loss of time and money.

72. Defendant has breached its contractual obligations to the Plaintiff and is therefore liable to the Plaintiff for actual and consequential damages.

WHEREFORE, PREMISES CONSIDERED, Your Plaintiff respectfully prays this Court award her the following relief:

A) **A trial by a struck jury;**

B) An award of actual damages, statutory damages, costs, and attorneys' fees for Defendant's violations of the Electronic Funds Transfers Act;

C) An award of treble damages for Defendant's violations of 15 U.S.C. §1693f(e);

D) An award of actual damages and punitive damages for Defendant's conversion of the Plaintiff's property;

E) An award of compensatory damages for Defendants' breach of contract;

F) Such other relief as the Court may deem just and proper.

/s/ Judson E. Crump
Judson E. Crump [crumj0512]
Counsel for Plaintiff
250 Congress Street
Mobile, Alabama 36603
251.272.9148.
judson@judsonecrump.com

# MOBILE COUNTY SHERIFF'S OFFICE
☑ OFFENSE REPORT ☐ INCIDENT REPORT
N.C.I.C. ORI AL0020000

**1. DATE:** MONTH 06 DAY 18 YEAR 20
**2. TIME:** 1150 HRS.
**3. AGENCY CASE NO:** S2006 0356
**4. SUFFIX:**

☑ VICTIM ☐ COMPLAINANT

**5. VICTIM TYPE:** ☑ INDIVIDUAL ☐ BUSINESS ☐ FINANCIAL (BANK) ☐ GOVERNMENT ☐ RELIGIOUS ORG. ☐ SOCIETY ☐ LAW ENFORCEMENT OFFICER ☐ MULTIPLE VICTIMS

**6. LAST, FIRST, MI:** Johnston, Christina Michelle
**7. ADDRESS:** 13290 Ave. B., Wilmer, AL 36587 ☑ RESIDENT ☐ NON-RESIDENT
**8. TYPE:** 1
**9. PHONE:** (251)
**10. TYPE:** 3

**11. EMPLOYEE, EMPLOYER, OWNER OF FIRM OR SCHOOL:** N/A
**12. OCCUPATION:** N/A
**13. ADDRESS:** N/A
**14. PHONE:** (N/A)

**15. DATE OF BIRTH:** 10/07/96
**16. AGE:** 23
**17. SEX:** ☑ F
**18. RACE:** ☑ W
**19. ETHNICITY:** ☑ UNK
**20. HEIGHT:** 5 FT. 01 IN.
**21. WEIGHT:** 120 LBS.
**22. VICTIM'S RELATIONSHIP TO OFFENDER:** ☐ YES ☑ NO  N/A

**23. SOCIAL SECURITY NUMBER:** —
**24. DRIVERS LICENSE:** I035133
**25. STATE:** AL

**26. VICTIM INJURED:** ☐ YES ☑ NO
**27. VICTIM TAKEN TO:** ☐ HOSPITAL ☐ OTHER ☐ PRIVATE PHYSICIAN ☐ TREATED AT SCENE ☑ UNKNOWN - N/A
**28. TRANSPORTED BY:** ☐ AMBULANCE ☑ UNKNOWN - N/A ☐ PRIVATE VEHICLE ☐ OTHER
**29. DESCRIBE INJURIES:** ☐ MINOR INJURY ☐ LOSS OF TEETH ☐ UNCONSCIOUS ☐ SEVERE LACERATION ☐ OTHER - MAJOR INJURY ☐ BROKEN BONES ☑ NONE ☐ INTERNAL INJURY
**30. VICTIM WAS:** ☐ ADMITTED TO HOSPITAL ☐ TREATED AND RELEASED

**31. REPORTING PARTY:** Same as #6
**32. ADDRESS:** Same as #7 ☑ RESIDENT ☐ NON-RESIDENT
**33. TYPE:**
**34. PHONE:** ( ) -
**35. TYPE:**

**36. EMPLOYER OR SCHOOL:**
**37. OCCUPATION:**
**38. ADDRESS:**
**39. PHONE:** ( ) -

**40. R/P SSN:** - -
**41. R/P OLN:**
**42. OLN STATE:**
**43. R/P DOB:**

## EVENT

**44. TYPE OF OCCURRENCE:** ☑ FEL. ☐ MISD. ☐ N/A  Unauthorized Use Of A Credit Card
**45. DEGREE:** ☑ FIRST ☐ SECOND ☐ THIRD ☐ FOURTH
**46. STATE/LOCAL CODE:** 13A-9-14
**47. UCR CODE:**
**48. TYPE OF OCCURRENCE:** ☐ FEL. ☐ MISD. ☑ N/A  N/A
**49. DEGREE:** ☐ FIRST ☐ SECOND ☐ THIRD ☐ FOURTH
**50. STATE/LOCAL CODE:** N/A
**51. UCR CODE:**

**52. TYPE OF CRIMINAL ACTIVITY:** ☐ BUYING/RECEIVING ☐ CULTIVATING/MANU ☐ DISTRIBUTING/SELLING ☐ EXPLOITING CHILDREN ☐ OPERATING/PROMOTING ☐ POSSESSING/CONCEALING ☐ TRANSPORTING/IMPORTING ☐ USING/CONSUMING
**53. GANG RELATED:** ☐ JUVENILE GANG ☐ ADULT GANG ☑ NONE/UNKNOWN
**54. HATE BIAS:** ☐ YES ☑ NO
**55. CODE:** 00
**56. DOM. VIOLENCE:** ☐ YES ☑ NO

**57. PLACE OF OCCURRENCE:** Dollar General (13260 Moffett Rd., Wilmer, AL 36587)
**58. TYPE:** 1
**59. SHIFT:** ☑ 1ST ☐ 2ND
**60. SECTOR:** 3 0 A

**61. OCCURRED ON (DATE):** MONTH 06 DAY 02 YEAR 20
**62. DAY:** TU
**63. TIME:** 1200 HRS
**64. OR BETWEEN DATE:** MONTH 06 DAY 03 YEAR 20
**65. DAY:** WE
**66. TIME:** 0900 HRS

**67. WEATHER:** ☐ CLEAR ☐ CLOUDY ☐ RAIN ☐ FOG ☐ SNOW/SLEET ☐ HAIL ☑ UNKNOWN ☐ OTHER
**68. LIGHTING:** ☐ NATURAL ☐ MOON ☐ ARTIFICIAL EXTERIOR ☑ ARTIFICIAL INTERIOR ☐ UNKNOWN ☐ OTHER

**69. PREMISE TYPE:** 01 TERMINAL, 02 BANK, 03 BAR, 04 CHURCH, 05 COMMERCIAL, 06 CONSTRUCTION, 07 CONV. STORE, ☑ 08 DEPT. STORE, 09 DRUG STORE, 10 FIELD/WOODS, 11 GOVT/PUBLIC BLDG, 12 SUPERMARKET, 13 HIGHWAY/STREET, 14 HOTEL/MOTEL, 15 JAIL/PRISON, 16 LAKE/WATERWAY, 17 LIQUOR STORE, 18 PARKING LOT/GARAGE, 19 STORAGE FACILITY, 20 RESIDENCE/HOME, 21 RESTAURANT, 22 SCHOOL/COLLEGE, 23 SERVICE/GAS STATION, 24 SPECIALTY STORE, 25 OTHER/UNKNOWN

**70.** ☐ BURGLARY ☐ ATTEMPT BURGLARY
**71.** ☐ ASSAULT ☐ SIMPLE ☐ AGGRAVATED
**72. TREATED FOR ASSAULT:** ☐ YES ☐ NO
**73. VERIFY FOR RAPE EXAM:** ☐ YES ☐ NO
**74. TREATMENT FOR RAPE INJURY:** ☐ YES ☐ NO
**75. RAPE LOCATION:**

**76. METHOD OF ENTRY:** ☐ DOOR ☐ ROOF ☐ WINDOW ☐ OTHER ☐ FORCEABLE ☐ ATTEMPT FORCE ☐ NO FORCE
**77. WEAPON USED:** ☐ YES ☐ NO ☐ FIREARM ☐ HAND ☐ KNIFE/CUTTING INSTRUMENT ☐ OTHER
**78. CIRCUMSTANCES: HOMICIDE & ASSAULT:**

## VICTIM/COMPLAINANT SIGNATURE

A PERSON COMMITS THE CRIME OF FALSE REPORTING TO LAW ENFORCEMENT AUTHORITIES IF HE/SHE KNOWINGLY MAKES A FALSE REPORT OR CAUSES THE TRANSMISSION OF A FALSE REPORT TO LAW ENFORCEMENT AUTHORITIES OF A CRIME OR RELATING TO A CRIME.

I HEREBY AFFIRM THAT ALL FACTS, DESCRIPTIONS, VALUES, AND OTHER INFORMATION GIVEN BY ME ARE TRUE AND CORRECT TO THE BEST OF MY KNOWLEDGE. I WILL ASSUME FULL RESPONSIBILITY FOR NOTIFYING THIS AGENCY IF ANY STOLEN PROPERTY OR MISSING PERSON HEREBY REPORTED IS RETURNED.

**SIGNATURE:** X ___ See Signature Sheet

**79.** ☑ DEPUTY 1 ☐ INVESTIGATOR 1 ☑ REPORTING ☐ ARRESTING ☐ CASE CLEARANCE ☐ PROPERTY RECOVERED
Dep. Charles C. Greenwald Jr.
**80. ID NO:** 17866

**81.** ☐ DEPUTY 2 ☐ INVESTIGATOR 2 ☐ REPORTING ☐ ARRESTING ☐ CASE CLEARANCE ☐ PROPERTY RECOVERED
**82. ID NO:**

**83. SUPERVISOR APPROVAL:** Sgt. L. Carson
**84. ID NO:** 10937
**85. WATCH COMMANDER APPROVAL:**
**86. ID NO:**

**87. CASE DISPOSITION:** ☐ CLEARED BY ARREST (JUV) ☐ CLEARED BY ARREST (ADULT) ☐ UNFOUNDED ☐ EXCEPTIONAL CLEARANCE ☐ ADMINISTRATIVELY CLEARED
**88. EXCEPTIONAL CLEARANCE:** ☐ VICTIM REFUSED TO COOPERATE ☐ SUSPECT/OFFENDER DEAD ☐ PROSECUTION DENIED/OTHER PROSECUTION ☐ EXTRADITION DENIED ☐ JUVENILE (NO CUSTODY) ☐ DEATH OF VICTIM
**89. CASE STATUS:** ☑ PENDING ☐ INACTIVE ☐ CLOSED
**90.** ☐ NARCOTICS DIVISION CASE ☐ OFFICER INITIATED ☐ UNDERCOVER BUY ☐ CONTROLLED BUY ☐ METH TEXT CASE ☐ CLANDESTINE LAB
**91.** ☐ CONFIDENTIAL ☐ SEARCH WARRANT ☐ CITIZEN COMPLAINT ☐ PSED
**92. ICE REFERRAL:** ☐ YES

**93. COMPANION CASE NUMBER:** N/A
**94. ADDITIONAL CASES CLOSED:** ☐ YES ☑ NO

**95. REPORTING SQUAD:** ☑ ALPHA ☐ BRAVO ☐ CHARLIE ☐ DELTA
**96. REPORTING INVESTIGATIVE UNIT:** ☐ CID - SOUTH ☐ CID - NORTH ☐ MAJOR CRIMES ☐ YOUTH INVEST ☐ CRIME SCENE UNIT ☐ WHITE COLLAR CRIMES ☐ SPECIAL INVESTIGATIONS ☐ CHILD PROTECTION
**97. OTHER REPORTING UNITS:** ☐ SPECIAL OPERATIONS ☐ CIVIL DIVISION ☐ WARRANTS SECTION

Case 1:20-cv-00396-WS-M   Document 1   Filed 08/10/20   Page 10 of 13   PageID #: 10

# MOBILE COUNTY SHERIFF'S OFFICE
## PROPERTY REPORT FORM
ORI AL0020000

| 1. DATE MONTH | DAY | YEAR | 2. TIME | 3. AGENCY CASE NO. | 4. SUFFIX |
|---|---|---|---|---|---|
| 06 | 18 | 20 | 1150 HRS | S 2 0 0 6 0 3 5 6 | |

| LOSS CODE | PROPERTY CODE | QTY | ITEM | TYPE / BRAND | MODEL | SIZE | COLOR | SERIAL NUMBER | VALUE |
|---|---|---|---|---|---|---|---|---|---|
| S | 09 | 1 | Credit Card | Regions Bank | | | | XXXX-XXXX-XXXX-7546 | $1 |

5. NAME OF INSURANCE COMPANY
6. ADDRESS (STREET, CITY, STATE)
7. PHONE

**LOSS CODE** (ENTER LETTER IN LOSS CODE COLUMN)
S - STOLEN
R - RECOVERED
D - DAMAGED / DESTROYED
C - CONFISCATED / SEIZED
B - BURNED
F - FORGED / COUNTERFEITED
N - NONE

**PROPERTY CODE** (ENTER # IN PROPERTY TYPE COLUMN)
01 - AIRCRAFT
02 - ALCOHOL
03 - AUTOS
04 - BICYCLES
05 - BUSES
06 - CLOTHES
07 - COMPUTER
08 - CONSUMABLES
09 - CREDIT CARD
10 - DRUGS
11 - DRUG EQUIPMENT
12 - FARM EQUIPMENT
13 - FIREARMS
14 - GAMBLING EQUIPMENT
15 - HEAVY CONSTRUCTION
16 - HOUSEHOLD GOODS
17 - JEWELRY
18 - LIVESTOCK
19 - MERCHANDISE
20 - MONEY
21 - NEGOTIABLE INSTRUMENT
22 - NON - NEGOTIABLE INSTRU
23 - OFFICE EQUIPMENT
24 - OTHER MOTOR VEHICLE
25 - PURSE / WALLET
26 - RADIOS / TV / VCR
27 - RECORDINGS
28 - RV'S
29 - STRUCTURE - SINGLE OCCUPANCY DWELLING
30 - STRUCTURE - OTHER DWELLING
31 - STRUCTURE - OTHER COMMERCIAL
32 - STRUCTURE - INDUSTRIAL / MANUFACTURING
33 - STRUCTURE - PUBLIC / COMMUNITY
34 - STRUCTURE - STORAGE
35 - STRUCTURE - OTHER
36 - TOOL - POWER / HAND
37 - TRUCKS
38 - VEHICLE PARTS / ACCESSORIES
39 - WATER CRAFT
77 - OTHER

☐ PERSON  ☐ VEHICLE  ☐ ARTICLE  ☐ GUN  ☐ BOAT  ☐ SECURITY

| 8. DATE ENTERED N.C.I.C. | 9. TIME ENTERED N.C.I.C. | 10. FORENSIC CASE NUMBER | 11. N I C NUMBER | 12. A.C.J.I.C. NUMBER |
|---|---|---|---|---|
| MONTH  DAY  YEAR | HRS | | | |



June 19, 2020

Claim ID: 0007251604



```
0000748 02 MB   0.436 002
JACOB MOTES
9885A GULFCREST RD
CHUNCHULA AL 36521-3035
```

RE:   Card Number ending in 7546

Dear JACOB MOTES;

Regions Bank received your notice disputing certain transactions(s) on your Regions card identified above.

We have completed our investigation of your claim. Based on this investigation, we have determined not to provide any credit to your account for the transaction(s). This determination was based on the following findings we made during this investigation regarding each disputed transaction shown below:

| Description | Date | Amount |
|---|---|---|
| JEMISONS BAIT SHOP | 06/02/2020 | $20.59 |
| Transaction verified with your card credentials. Transaction passed fraud analysis. | | |
| CHEVRON 0203106 | 06/03/2020 | $38.82 |
| Transaction verified with your card credentials. Transaction passed fraud analysis. | | |
| KEITHS SUPERSTORE # 60 | 06/03/2020 | $127.47 |
| Transaction verified with your card credentials. Transaction passed fraud analysis. | | |
| KEITHS SUPERSTORE # 60 | 06/03/2020 | $80.10 |
| Transaction verified with your card credentials. Transaction passed fraud analysis. | | |
| KEITHS SUPERSTORE # 60 | 06/03/2020 | $18.56 |
| Transaction verified with your card credentials. Transaction passed fraud analysis. | | |
| WAL-MART #5174 | 06/03/2020 | $128.57 |
| Transaction verified with your card credentials. Transaction passed fraud analysis. | | |
| FAMILY DOLLAR #10484 | 06/03/2020 | $200.61 |
| Transaction verified with your card credentials. Transaction passed fraud analysis. | | |
| WM SUPERCENTER #5174 | 06/03/2020 | $396.13 |
| Transaction verified with your card credentials. Transaction passed fraud analysis. | | |
| WM SUPERCENTER #5174 | 06/03/2020 | $235.03 |
| Transaction verified with your card credentials. Transaction passed fraud analysis. | | |
| KEITHS SUPERSTORE # 60 | 06/04/2020 | $7.36 |
| Transaction verified with your card credentials. Transaction passed fraud analysis. | | |
| KEITHS SUPERSTORE # 60 | 06/04/2020 | $30.01 |
| Transaction verified with your card credentials. Transaction passed fraud analysis. | | |

**REGIONS**



| Merchant | Date | Amount |
|---|---|---|
| KEITHS SUPERSTORE # 60 | 06/04/2020 | $31.88 |
| WAL-MART #0853 | 06/04/2020 | $128.65 |
| DOLLAR GENERAL #15411 | 06/04/2020 | $67.11 |
| WM SUPERCENTER #853 | 06/04/2020 | $211.62 |
| LOWES #00549* | 06/05/2020 | $306.90 |
| LOWES #00549* | 06/05/2020 | $198.73 |
| LOWES #00549* | 06/05/2020 | $156.29 |
| KEITHS SUPERSTORE # 60 | 06/05/2020 | $1.69 |
| THE HOME DEPOT 801 | 06/05/2020 | $289.60 |
| TRACTOR SUPPLY #2255 | 06/05/2020 | $68.06 |
| LOWES #00549* | 06/06/2020 | $640.71 |
| THRIFTY CHICKS FABULOUS F | 06/06/2020 | $37.40 |
| HIBBETT SPORTS #978 | 06/06/2020 | $169.53 |
| TOBACCO SHACK #22 | 06/06/2020 | $139.46 |
| VINCENT CLOTHIERS | 06/06/2020 | $213.99 |
| WAYNE LEE'S #65083 | 06/06/2020 | $60.34 |
| DOLLAR TREE | 06/06/2020 | $54.08 |
| GOODY'S #5228 | 06/07/2020 | $148.01 |
| KEITHS SUPERSTORE # 60 | 06/07/2020 | $40.15 |
| THE HOME DEPOT 801 | 06/07/2020 | $239.14 |
| DOLLAR GENERAL #17537 | 06/07/2020 | $63.65 |

Each entry: Transaction verified with your card credentials. Transaction passed fraud analysis.



**REGIONS**



Transaction verified with your card credentials. Transaction passed fraud analysis.

| Merchant | Date | Amount |
|---|---|---|
| DOLLAR-GENERAL #0694 | 06/08/2020 | $124.86 |
| 98 EXPRESS MART | 06/09/2020 | $56.95 |
| 98 EXPRESS MART | 06/09/2020 | $13.36 |
| MOBILE SHOE HOSPITAL | 06/09/2020 | $120.95 |
| WAL-MART #5174 | 06/09/2020 | $77.41 |
| ACADEMY SPORTS #153 | 06/09/2020 | $69.55 |
| ACADEMY SPORTS #65 | 06/09/2020 | $189.15 |
| HARBOR FREIGHT TOOLS 87 | 06/09/2020 | $14.28 |
| FOOSACKLYS CHICKEN FINGER | 06/09/2020 | $19.56 |
| WM SUPERCENTER #5174 | 06/09/2020 | $374.09 |
| WM SUPERCENTER #5174 | 06/09/2020 | $128.03 |
| DICKS SPORTING GOODS4609 | 06/09/2020 | $13.28 |
| IN *CLOUD 9 VAPES, LLC | 06/10/2020 | $231.06 |
| TRACTOR SUPPLY #2255 | 06/10/2020 | $35.59 |

(Each of the above line items is annotated: "Transaction verified with your card credentials. Transaction passed fraud analysis.")

If you have any additional information or documentation that you have not previously provided and would like to submit in support of your claim, please fax it to (205) 261-5438. If you do not have access to a fax machine, you may visit any Regions branch, and a Regions associate will fax these documents for you. You also may mail it to the address shown below. Please keep all of your original documentation for your records.

You may request copies of the documents we used in making our determination. If you would like to request copies, or if you need further assistance, please contact our office at 1-888-987-6540 (option 1, then press 1 and 1), Monday through Friday between 8 a.m. and 5 p.m. Central Time.

Thank you for banking with Regions.

Sincerely,